## Capital Securities Co. *v.* Davis.

### *Assumpsit.*

(Decided January 12, 1915. 67 South. 705.)

*Contracts; Rescission; Fraud of Agent.*—Where no confidential, fiduciary or special relation existed between the purchaser and the agent the purchaser is not entitled to relief against the company on the grounds of fraud, based on the statements of the agent as to the contents of the contract, the purchaser having negligently signed the application for the contract without reading it, which recited that the applicant relied solely on the terms of the contract and the options set forth on the back of the application, and having retained the contract without reading them.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Assumpsit by Irene Davis against the Capital Security Company, to recover the amount paid upon a con-

tract, on the grounds of false and fraudulent repre-sentations made by the agent, as to the terms of the contract. Judgment for plaintiff and defendant appeals. Reversed and remanded.

EDWARD S. WATTS, for appellant. One who signs a written instrument is bound by its contents, and is estopped to deny the contents unless showing actionable fraud.—*Lasseter v. Walter*, 55 South. 619; *Jones v. R. R. Co.*, 89 Ala. 376; *Bank v. Butler*, 108 Ala. 139. Under the facts in this case no actionable fraud is shown. —*Carmelich v. Mims*, 88 Ala. 335; *Bank v. Allen*, 100 Ala. 476. Promptness to rescind is one of the essentials. —*Allgood v. Bank*, 115 Ala. 307; *Shahan v. Brown*, 167 Ala. 534.

WEIL, STAKELY & VARDEMAN and J. LEE HOLLOWAY, for appellee. For the case on former appeal see, *Capital Security Co. v. Davis*, 60 South. 495. That the court did not err in its rulings, we call attention to the case of *Capital Security Co. v. Holland*, 60 South. 495; *Harraway v. Harraway*, 136 Ala. 499; *Waddell v. Lanier*, 62 Ala. 347.

PELHAM, P. J.—The Supreme Court, in an opinion rendered November 7, 1914, in a case in which the same party is appellant as in the case before us on this appeal, has passed upon the fundamental question presented by this appeal. See *Capital Security Co. v. Gilmer*, 67 South. 258.

Since the rendition of the opinion in that case, and after the Supreme Court had overruled the appellee's application for a rehearing, the appellee has filed an additional brief in this case making the contention that the *Gilmer Case* is not controlling because of a difference in the evidence in the two cases as shown by the

evidence set out in the bills of exceptions. The difference pointed out, and the distinction sought to be made is based on the contention that in the instant case there is evidence to show that the appellee had been fraudulently induced by the misrepresentations of the company's agent as to its contents to sign the application for the loan contract, and that in the *Gilmer Case* there was no such evidence. The appellee urgently insists that the opinion in the *Gilmer Case* is "rested upon this fact."

We do not so read the opinion in that case. It seems to us that the holding there is "rested" principally, if not altogether, on the proposition that no confidential, fiduciary, or special relation was shown to exist between the parties entitling the appellee to avoid the obligation entered into upon the ground of fraud. The writer of the opinion of the court in the *Gilmer Case,* referring to the evidence before the court on that point, says: "Under the evidence in this case there is no legally sufficient reason shown by the plaintiff for her failure to read her application, and we see no reason why, under the evidence in this case, she should be permitted, upon the ground of fraud, to defeat the defendant's recovery."

Upon this proposition, also, as the "one material element lacking" to authorize a recovery under the evidence, the case of *Southern Loan & Trust Co. v. Gissendaner,* 4 Ala. App. 523, 58 South. 737, is distinguished from the *Gilmer Case* in the latter opinion. The substantial and real question presented on this appeal, under the evidence set out in this record, brings it under the influence of this holding in the *Gilmer Case* on the cardinal proposition there involved and decided, and requires a reversal of the judgment of the trial court.

To answer the appellee's contention that a distinction exists between this and the *Gilmer Case* because of

[Capital Securities Co. v. Davis.]

a difference in the evidence as to fraud being used to induce signing the application, we can say that an examination and comparison of the evidence set out in the bills of exceptions in the two records will not show any substantial difference between the evidence in the two cases on this point. On page 49 of the Gilmer transcript the appellee, as a witness in her own behalf, is shown by the recitals contained in the bill of exceptions to have testified that: "At the time she entered into the contract, she signed a certain paper called by Phillips [the agent] an 'application,' but she did not read it, nor did she ever read same."

Following this it is shown by the further recitals in the bill of exceptions that the witness was permitted to testify, against the objection of the defendant, that she did not read the application because of her reliance on the statements of the agent, who told her his word was his bond, and that she could rely on it, and that she did rely upon it as to such statements. What these representations or statements of the agent were with respect to the contract and application in the instant case and the *Gilmer Case,* as shown by the two records, went to the same matters in the main and were substantially the same in both cases. They had reference principally to the time when, and upon making what number of payments, the appellee would be entitled to receive a loan from the company.

We do not think it is essential to a disposition of this case, after the opinion in the *Gilmer Case,* whether the evidence in that case did or did not show misrepresentations made by the agent with respect to the application as apart from the contract, but that this was not overlooked as one of the matters relied upon and considered in the *Gilmer Case* is shown by the brief of counsel filed in that case, where they say (page 3) : "He [the

agent] induced Mrs. Gilmer to buy six of these contracts on his statement of what the contracts contained, *and also induced her to sign a written application for these contracts, stating that the application was for the contracts as represented to her.* Shortly thereafter Mrs. Gilmer, relying on this statement of what the contracts contained, *and on the statement as to what the application was,* received from the defendant six of the contracts," etc. (Italics supplied.)

And further on the same page: "The testimony showed that Mrs. Gilmer neither read the application nor the contracts because of her reliance on what Phillips [the agent] had told her of their contents."

There is no material or substantial difference between the evidence in this case and that in the *Gilmer Case,* as applied to the principle of law involved and decided in that case, and on the authority of that case a judgment here reversing the judgment of the lower court is ordered.

Reversed and remanded.